No. 56.—BENJAMIN W. WOODS, executor, &c. plaintiff in error, *vs.* ABRAHAM D. WOODS *et al.* defendants in error.

[1.] If the securities of an insolvent debtor, at any reasonable period of the term before the Jury is discharged, and in time for the necessary issues to

be formed and tried, do render the body of the debtor into Court, they
should be relieved from their liability.

*Casa,* in Pike Superior Court.    Decision by Judge STARKE,
October Term, 1854.

Abraham Woods being arrested under a *ca sa.* gave bond
for his appearance at Court, to take the benefit of the Honest
Debtor's Act.    Failing to appear when the case was called in
its order, judgment was entered against him and his sureties
on the bond.    Afterwards, during the same term, his sureties
produced him in Court; and on motion, the Court vacated the
former judgment, and allowed him to be discharged, on taking
the oath prescribed.

This decision is assigned as errror.

ALFORD & MOORE, for plaintiff in error.

H. & G. J. GREEN and MARTIN, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] We have disposed of the point presented by this record,
in a recent case decided at Columbus, in which we have express-
ed an opinion adverse to the position of this plaintiff in error.

The principle upon which that decision rested, was simply
as follows: The requirement of the bond given by an insolvent
debtor, when arrested on *ca. sa.* for his appearance, &c. is,
that he will appear "at the next term" of the Court, "then
and there to stand to and abide such proceedings as may be
had by the Court, in relation to his, her or their taking
the benefit" of the Honest Debtors' Act.    And the Act pro-
vides, that "in case of failure to appear, judgment shall be
entered up instanter upon said bond, against the principal and
his securities," &c.

It is thus perceived, that the exigency of the bond is, that the
debtor shall appear *at the next term*—not the first day of the

term, or on any other particular day thereof, but at *the term.* This might be construed to mean the first day of the term, or at any other point of time therein, when, in the due and regular order of proceeding, the case was called.    And this strict view would be correct, perhaps, if the interests of the debtor were alone at stake.    But the rights and interests of the securities are here concerned; and *quoad* them, these provisions should receive that liberal construction which, whilst it favors substantial justice, allows to them the latest reasonable period within the term of the Court at which they may produce the body of the debtor, and discharge themselves.

In this point of view, we think, that if the securities do thus render the body of the debtor at some reasonable period of the term, before the Jury is discharged, and in time for the necessary issues to be formed and tried, (if in order for trial) they should be relieved from their liability.    Hence, we think the proper practice would be for this docket to be taken up as the last business in order, before the discharge of the Jury.    And we know this to be the practice in some parts of our State.

In this case, it appears that the debtor was produced by his securities in such reasonable time ; and we therefore affirm the judgment of the Court.